FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2015 NOV 18 AM 11:55
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>STACY PAUL WADDEL, )<br>)<br>Defendant. )<br>) | CASE NO. CR403-216 |

## O R D E R

Before the Court is the Defendant's Motion for Writ of Error Coram Nobis (Doc. 101). In this motion, Defendant argues that his prior conviction should be vacated on the basis that his attorney was ineffective. Defendant claims that his attorney failed to file a motion for dismissal with prejudice based on a purported violation of the Speedy Trial Act. 18 U.S.C. §§ 3161-3174. For the following reasons Defendant's motion is **DENIED**.

As an initial matter, Defendant is not entitled to bring this motion. A coram nobis petition is "an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." Roggio v. United States, 597 F. App'x. 1051, 1052 (11th Cir. 2015) (quoting United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000)). It is well established that "courts may consider coram nobis petitions only where . . .

the petitioner presents sound reasons for failing to seek relief earlier." Mills, 221 F.3d at 1204. Here, Defendant has provided no valid reason why he could not have brought the instant claim earlier. First, Defendant's alleged ineffective assistance of counsel claim must necessarily have been known several years prior to the filing of the instant writ. Second, Defendant actually filed and then voluntarily dismissed a petition pursuant to 18 U.S.C. § 2255 challenging his conviction. Defendant had an opportunity to raise any issues related to his conviction in that petition. (Stacy Paul Waddell v. United States, Case No. 4:04-cv-147.)

Even if Defendant were entitled to bring his claim under the writ, his claim would still fail. Defendant asserts that he was arraigned on September 4, 2003 and did not appear before the Court for his guilty plea until November 17, 2003. (Doc. 101 at 3.) The speedy trial clock was tolled for a period of two days while the Court considered two of Defendant's motions. (Id.) Defendant argues, therefore, that the clock ran two days before his appearance in court to change his plea. (Id.) However, Defendant fails to note that he signed his plea agreement on October 30, 2003. (Doc. 33.) Because "delay resulting from consideration by the court of a proposed plea

2

agreement to be entered into by the defendant and the attorney for the Government" is excluded from the computation of time within which trial must commence, Defendant's speedy trial clock was tolled on October 30, 2003. 18 U.S.C. § 3161(h)(1)(G). It remained tolled until the plea agreement was accepted on April 20, 2004. As a result, Defendant's counsel did not err as any motion seeking dismissal based on a violation of the Speedy Trial Act would lack merit. See United States v. Williamson, 18 u, 737 (10th Cir. 2009) (noting that "failure to raise a meritless claim is not ineffective assistance of counsel."). For the foregoing reasons, Defendant's motion is **DENIED**.

SO ORDERED this 18th day of November 2015.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA